**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Criminal Action |
| ) | No. 06-05042-CR-SW-ODS |
| MARK NEWBURN, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Defendant filed a Motion to Suppress Evidence, in which he asserts that evidence seized as a result of a search of his residence should be suppressed. The United States filed its response. The matter was set for an evidentiary hearing, which was held before the undersigned on March 22, 2006. The defendant was present with counsel, C.R. Rhoades, and the United States was represented by James Kelleher, Assistant United States Attorney.

The government's first witness was Officer Jeff Sutherland of the Southwest Missouri Drug Task Force. On September 20, 2005, he was conducting an investigation regarding stolen property, at the home of Tiny Boyles. While there, he received information that defendant had brought stolen property onto those premises. He then went to defendant's residence, but was not able to make contact with him at that time. His attention was drawn to additional stolen property in defendant's front yard, and near the front door, he observed items connected with the manufacture of methamphetamine. Specifically, he saw muriatic acid, sulfuric acid, and Xylene. Regarding the stolen property, the victim of the burglary was with them, and identified the property as belonging

1

to him. While walking around the property looking for defendant, Officer Sutherland walked past a shed located near his front yard, where he observed several cultivated marijuana plants. After making these observations, the officers entered the residence for the purpose of preserving evidence and for their own safety. After finding no one inside, they then exited and secured the door. Officer Sutherland then left to obtain a search warrant for the residence, while other officers stayed on the premises, waiting for his return with the warrant.

On cross examination, the officer testified that when he initially arrived at defendant's residence, he thought it was probably around 3:00 p.m. He was there long enough to identify the property, find the marijuana plants and evidence of methamphetamine production, enter the residence, conduct a cursory search, and secure the residence. He guessed it was about 15-20 minutes. The items associated with methamphetamine were by some steps by the front door. When they entered the home for the security search, they had no idea if anyone was there or not. He agreed that defendant did not appear to be there. He was familiar with the property, but had never been there before. During the cursory search, he saw no firearms. He seized nothing while he was there, either from the residence or any vehicles, and to his knowledge, nothing was seized while the other officers remained on the premises waiting for his return with the search warrant. Officer Sutherland stated that he did not recall if he had any conversation with defendant's brother. It was executed about 20 minutes after it was obtained.

Defendant called David Newburn, defendant's brother, to the witness stand. On the evening of September 20, 2005, he just happened to be in town. He went to his brother's home that night to visit. When he arrived there, he pulled up behind a black pick up truck. Two deputies were there, and came up to his vehicle, told him to keep his hands up, and to get out of his vehicle. One asked

to search his vehicle, and the other took his license. A McDonald County sheriff came up and asked what he was doing there. He got his license back, and he asked what was going on. The officers asked if he knew where his brother was, and he said he did not. They told him they needed to find his brother because they'd found a bunch of weapons and a gun in a vehicle. They told him that he could leave, and if he found his brother, to tell him to come home. He thought it was between 4:00 and 5:00 that afternoon.

It is defendant's contention that the search and seizure, and arrest were unlawful. He asserts that the affidavit used to obtain the search warrant was inadequate to establish probable cause, and that allegations by the affiant were false, misleading, and misrepresentations of the facts. It is also his contention that the officers conducted a search of his residence without a warrant, and that they forcibly entered his home without exigent circumstances to justify that entry. Additionally, he asserts that following the execution of the warrant, he was questioned and allegedly made incriminating statements, which should be suppressed based on the "fruit of the poisonous tree" doctrine.

The law is clear that a warrant is supported by probable cause if, "given all the circumstances set forth in the affidavit . . ., including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability" that contraband or evidence of a crime will be found in the place to be searched. United States v. Edmiston, 46 F.3d 786, 789 (8th Cir. 1995), quoting Gates, 462 U.S. at 238. Affidavits should be read in a "common-sense and realistic fashion" and judges must make a practical decision based on the totality of the circumstances. United States v. Gladney, 48 F.3d 309, 312 (8th Cir. 1995) (citation omitted). In determining for suppression purposes the validity of a warrant, the court must determine whether

3

there was a "substantial basis" for the probable cause determination. Gates, 462 U.S. at 238. Probable cause may be based on hearsay from a reliable source, and anonymous information that can be independently corroborated may form a probable cause basis. Id. at 244-45. "The requisite nexus between a particular location and contraband is determined by the nature of the crime and the reasonable, logical likelihood of finding useful evidence." United States v. Etheridge, 165 F.3d 655, 657 (8th Cir. 1999).

Pursuant to Franks v. Delaware, 438 U.S. 154 (1978), in a challenge to a search warrant application, defendants must establish "that a false statement was included in the affidavit knowingly and intentionally or with reckless disregard for its truth, and that the affidavit's remaining content is insufficient to establish probable cause." United States v. Roberson, 439 F.3d 934, 939 (8th Cir. 2006). Even if the contested statements are false and misleading, the search warrant may still stand if the statements in question are removed and the remaining statements in the application would support a finding of probable cause to support the search warrant. Id. at 939.

A full review of the evidence in this case convinces the Court that defendant has failed to establish that the affidavit contained material misstatements and/or omissions, or that the statements made were deliberately false or showed reckless disregard for the truth. The affidavit contains the information obtained by the officer who prepared the affidavit, when he was on defendant's property investigating a burglary.

In the affidavit, Officer Sutherland specifically delineates what he observed at defendant's residence. This included items in plain view used for the manufacture of methamphetamine; stolen property, which was identified by the victim of the burglary; and marijuana plants. Under the totality of the circumstances, it cannot seriously be argued that there was not sufficient evidence in

4

the affidavit to provide probable cause for the issuance of the search warrant. Further, there was no testimony adduced at the hearing regarding any false or misleading statements that Officer Sutherland purportedly made. Therefore, it should be recommended that the motion to suppress be denied.

Even assuming, however, that the warrant in this case was not based on probable cause and found to be defective, the Court finds that the good faith exception enunciated in <u>United States v. Leon</u>, 468 U.S. 897, 922-23 (1984), would apply. It is clear that Officer Sutherland relied in good faith on what he believed to be a valid search warrant, which was reviewed and signed by a neutral magistrate. There is nothing to suggest that the affidavit was so lacking in indicia of probable cause that the <u>Leon</u> good faith exception should not apply. When making a good faith assessment, the Court must examine the totality of the circumstances, including what the officer knew but did not include in his affidavit. <u>United States v. Chambers,</u> 987 F.2d 1331, 1335 (8th Cir. 1993). Having reviewed the record as a whole, with the benefit of the officer's testimony at the hearing, it is clear that Officer Sutherland reasonably relied on the validity of the warrant. It was objectively reasonable for the officer to have believed that probable cause existed in this case. Accordingly, it will be recommended that the motion to suppress should be denied.

Regarding defendant's allegation that the officers illegally searched his house without a warrant, it is clear from the testimony adduced at the hearing that the officers conducted a protective sweep for officer safety and to preserve evidence. Their actions were based on the fact that they did not know if anyone was in the residence, they had observed stolen property on the premises, and they saw evidence of items used in the manufacture of methamphetamine by the front steps of the residence. Because there was no way of knowing whether anyone was inside the residence, it

5

Case 3:06-cr-05042-ODS   Document 36   Filed 04/05/07   Page 5 of 6

cannot be said that there was a Fourth Amendment violation by the officers in conducting a cursory search inside and then securing the doors. The goal was to make sure that no one was in the house and to ensure that no evidence could be destroyed. Under the totality of the circumstances, the Court finds that the scope of the protective sweep did not violate the Fourth Amendment. See Maryland v. Buie, 494 U.S. 325 (1990). Accordingly, because there was no illegal warrantless search of defendant's residence, it must be recommended that his motion to suppress on this basis be denied.

Although defendant raised an issue in his motion regarding suppressing statements, there was nothing introduced at the hearing about statements made by defendant. Further, it is clear that based upon the recommendation herein, there was not an illegal search, and accordingly, the "fruits of the poisonous tree" doctrine would not apply.

The Court concludes, based on the totality of the evidence, that defendant's assertions that the affidavit did not establish probable cause and that it contained false and misleading statements are not supported by the record. Therefore, it will be recommended that the motion to suppress be denied.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that defendant's Motion to Suppress Evidence be denied.

    /s/ James C. England
JAMES C. ENGLAND, Chief
United States Magistrate Judge

Date: April 5, 2007